# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE RIOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:14-cv-01346-SAB<br><br>ORDER AWARDING ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT<br><br>(ECF No. 18) |

Currently before the Court is Petitioner, Kelsey M. Brown's (Counsel or Petitioner), attorney for Plaintiff Jeanette Rios (Plaintiff), motion for attorney fees under the Equal Access to Justice Act ("EAJA").  For the reasons set forth below, Petitioner's motion will be granted.

**I.**

**BACKGROUND**

Plaintiff filed her application for benefits under the Social Security Act on May 25, 2011. Plaintiff's application was denied.  On August 28, 2014, Plaintiff filed this action appealing Defendant's decision in denying Plaintiff's application for benefits. (ECF No. 1.)  On September 9, 2015, the Court granted Plaintiff's appeal and remanded this action to the Social Security Administration for further proceedings. (ECF No. 16.)

On December 8, 2015, Petitioner filed a motion for attorney fees pursuant to the EAJA.

(ECF No. 18.)  Counsel requests attorney's fees in the amount of $6,047.87 for 31.85 hours expended in this action and expenses in the amount of $6.17.  Defendant did not file an opposition to the motion.

## II.

## LEGAL STANDARDS FOR EAJA MOTIONS

A party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses under the EAJA. Flores v. Shalala, 49 F.3d 562, 566, (9th Cir. 1995).  The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), states, in pertinent part:

> **(d)(1)(A)**  Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA defines a party as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. . . ."  28 U.S.C. § 2412(d)(2)(B).  Fees and expenses include reasonable attorney fees.  28 U.S.C. § 2412(d)(2)(A).  "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case.  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 8 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).

The Court is required to provide a concise but clear explanation for the reasons for the fee award.  Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).  Hours that are inadequately documented and hours that were not reasonably expended may reduce the fee award.  Id. at 1146.

Fee shifting under EAJA is not mandatory.  Flores, 49 F.3d at 567.  Attorneys' fees and expenses are not awarded under EAJA where the government's position was substantially justified.  Id.  "A position is 'substantially justified' if it has a 'reasonable basis in law and fact.'"  Hardisty v. Astrue, 592 F.3d 1072, 1079 (9th Cir. 2010) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  "It is the government's burden to show that its position was substantially

justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  The government must establish first, whether the underlying conduct of the ALJ was "substantially justified" and second, that its litigation position defending the ALJ's error was "substantially justified." Id. at 1259.  As the Ninth Circuit described:

> Substantial justification does not mean "justified to a high degree," but simply entails that the government must show that its position meets the traditional reasonableness standard-that is "justified in substance or in the main," or "to a degree that could satisfy a reasonable person."

Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998).

Under EAJA, attorney fees are capped at $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A); Sorenson, 239 F.3d at 1145.

### III.

### DISCUSSION

#### A.  Plaintiff is a Prevailing Party

Plaintiff has been granted leave to proceed in this action in forma pauperis.  Therefore the Court finds that she is a party as defined by section 2412.

A plaintiff whose action is remanded is a prevailing party for the purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300 (1993) ("No holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)."). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d at 1257.

Here, the Court found that the ALJ had erred by determining that Plaintiff's mental impairments were not severe and the action was remanded for the ALJ to continue the sequential analysis. (ECF No. 16.) Plaintiff is a prevailing party for the purposes of the EAJA.

/ / /

### B. Reasonable Attorney Fees

The statute specifically provides for an award of reasonable attorney fees. 28 U.S.C. 2412(d)(2)(A). In this action, Petitioner is seeking 31.85 hours for time spent litigating this action and has provided a detailed time accounting. Plaintiff filed the opening brief in this action that ultimately resulted in the action being remanded. Having reviewed the documentation provided, the Court finds that the hours sought are reasonable. See Costa v. Comm. of Soc. Sec. Admin., 690 F.3d 1132, 1137 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases.").

Petitioner is seeking the statutory maximum rate of $190.06 per hour for time spent in 2014 and $189.68 per hour for time spent in 2015. The Court finds that the request for $6,047.87 is reasonable.

### C. Substantial Justification

Defendant has not presented any arguments that the Commissioner's position was substantially justified in this action. Therefore, Defendant has not met it burden to show that its position was substantially justified. The Court finds that Petitioner is entitled to the fees requested.

### D. Costs

Plaintiff also seeks costs of $6.17. Plaintiff does not attach any receipt in support of the costs requested. On the sheet detailing the time spent in this action, there is a notation for "Expenses: $6.17 Service/Mailing". (ECF No. 18-1.) While Petitioner is advised that the better practice would be to attach the receipt to justify the expenditure, given the small amount requested, the Court finds that this is a reasonable amount for serving the complaint by certified mail.

## VI.
## CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for attorney fees under the Equal Access to Justice Act is GRANTED;

    2.    Petitioner is awarded fees and costs in the amount of $6,054.04 under 24 U.S.C. § 2412(d); and

3. Defendant shall determine whether Plaintiff's EAJA attorney fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall cause payment of fees to be made directly to Plaintiff's counsel, Kelsey Mackenzie Brown, 2529 Cliffside Ln, H-102, Gig Harbor, WA 98335 pursuant to the assignment executed by Plaintiff.

IT IS SO ORDERED.

Dated: **December 29, 2015**

UNITED STATES MAGISTRATE JUDGE